OJS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)    PLAINTIFFS Cathleen Gunner | DEFENDANTS    Motel 6 Operating L.P. and Accor North America, Inc |
|---|---|
| (b) County of Residence of First Listed   Philadelphia <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorneys  Xavier P. Hayden, Esquire, 1801 Market Street, Suite 606, <br><br> Philadelphia, PA, 19103 - 215 561-0877 <br> (Firm Name, Address, and Telephone Number) | Attorneys Gerhard P. Dietrich, Esquire, Daller Greenberg & Dietrich, LLP <br><br> 8 Tower Bridge, 161 Washington St., Ste. 900, Conshohocken, PA 19428; 215-836-1100 <br> Attorneys (If Known) |

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☐ 3  Federal Question
      (U.S. Government Not a Party)

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☒ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Malpractice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence <br> Habeas Corpus: <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):  28 USC 1332; 28 USC 1441

Brief description of cause:  Slip and Fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $50,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII.    RELATED    CASE(S) IF ANY    (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   October 22, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____2016 North Woodstock Street, Philadelphia, Pennsylvania 19121

Address of Defendant:____4001 International Parkway, Carrollton, Texas 75011

Place of Accident, Incident or Transaction:____815 West DeKalb Pike, King of Prussia, Pennsylvania 19046
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐  No X

Does this case involve multidistrict litigation possibilities?      Yes ☐  No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐  No X

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. X Other Personal Injury (Please specify) Slip and Fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Gerhard Dietrich, counsel of record do hereby certify:

Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                              Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ____October 22, 2008_____    _____    ____41739____
                              Attorney-at-Law                    Attorney I.D.#

CIV. 609 (4/03)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____2016 North Woodstock Street, Philadelphia, Pennsylvania 19121

Address of Defendant:___4001 International Parkway, Carrollton, Texas  75011

Place of Accident, Incident or Transaction:___815 West DeKalb Pike, King of Prussia, Pennsylvania  19046
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                                    Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                 Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                              Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                    Yes☐  No☒

CIVIL: (Place __ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Slip and Fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, *Gerhard Dietrich*, counsel of record do hereby certify:

Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                                     Attorney-at-Law                                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___October 22, 2008_____     _____     __41739_____
                                                             Attorney-at-Law                          Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Cathleen Gunner                    :
                                   :
            V.                     :          Civil Action
                                   :          No: _____
Motel 6, et al                     :

DISCLOSURE STATEMENT FORM

Please check one box:

☒          The nongovernmental corporate party, _Accor North America, Inc._
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

❏          The nongovernmental corporate party, _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           _____
           _____
           _____
           _____

_10/22/08_____          _____
Date                                     Signature

                    Counsel for:   _Motel 6 Operating L.P. and_
                                   _Accor North America, Inc. (f/k/a_
                                   _Motel 6 G.P., Inc.)_

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
          two copies of a disclosure statement that:
          (1)   identifies any parent corporation and any publicly held corporation
                owning 10% or more of its stock;  or

          (2)   states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
          (1)   file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and
          (2)   promptly file a supplemental statement if any required information
                changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHLEEN GUNNER                          :        CIVIL ACTION
                                         :
         v.                              :
                                         :
MOTEL 6 and                              :
MOTEL 6 OPERATING L.P.,                  :        NO.
d/b/a, a/k/a, t/a                        :
MOTEL 6 and MOTEL 6                      :
OPERATING LP c/o M.F. POER &             :
CO., a/k/a, t/a, d/b/a MOTEL 6 and       :
MOTEL 6 OPERATING L.P. and               :
MOTEL 6 G.P., INC.                       :        JURY OF 12 DEMANDED

## NOTICE OF REMOVAL

      Defendants, Motel 6 Operating L.P. and Accor North America, Inc. (f/k/a Motel 6

G.P., Inc.), by and through their attorneys, Daller Greenberg & Dietrich, LLP, hereby give notice

of the removal of this civil action from the Court of Common Pleas of Philadelphia County to the

United States District Court for the Eastern District of Pennsylvania.  This notice of removal is

filed pursuant to 28 U.S.C. §§1441(a) and 1446.  As grounds for removal, defendants aver as

follows:

      1.     On September 18, 2008, plaintiff filed a Complaint in the Court of

Common Pleas of Philadelphia County, captioned: *Cathleen Gunner vs. Motel 6 and Motel 6*

*Operating L.P., d/b/a, a/k/a, t/a Motel 6 and Motel 6 Operating LP c/o M.F. Poer & Co., a/k/a,*

*t/a, d/b/a Motel 6 and Motel 6 Operating L.P. and Motel 6 G.P., Inc.*, and docketed as September

Term, 2008, No. 002987.  Defendants received the Complaint for the first time when it was

served on September 29, 2008.  A true and correct copy of the Complaint is attached hereto as

Exhibit "A."

2.      The document attached hereto as Exhibit "A" constitutes all pleadings, process and other papers served upon defendants in this action.

3.      Plaintiff's Complaint was the first pleading setting forth plaintiff's claim for relief in this case.

4.      This notice of removal is being filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which plaintiff's action is based. The time for removal has, therefore, not expired. 28 U.S.C. § 1446(b).

5.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the proper parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Plaintiff alleges in her Complaint that on or about March 18, 2007, she sustained personal injuries when she was caused to fall on "an area of ice, and/or snow in hills and ridges and black ice" due to the negligent maintenance of the parking lot at a Motel 6 owned and controlled by defendants. *See* Exhibit "A," Complaint at ¶¶ 9-10, 2-6.

7.      Although Motel 6 Operating, L.P. is named in a variety of ways in the Complaint and caption, the only named defendants that exist as legal entities, and existed at the time plaintiff's Complaint was filed, are Motel 6 Operating, L.P. and Accor North America, Inc. (f/k/a Motel 6 G.P., Inc.).[1]

8.      At the time the Complaint was filed and at the time this Notice is being filed, defendant Motel 6 Operating L.P. was and is a limited partnership organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located in the State of Texas.

---

[1] Plaintiff also refers to M.F. Poer & Co. in the Complaint, but only as an alleged agent of Motel 6 Operating, L.P. for purposes of service of process. *See* Exhibit "A," Complaint at ¶ 6. M.F. Poer & Co. is a property tax consulting firm which has not been used by either defendant since well before the accident at issue.

9.     The only partners of Motel 6 Operating, L.P. are Accor North America, Inc. and IBL Limited LLC.  The managing general partner, Accor North America, Inc. is, and at time this action was commenced was a corporation organized under and by virtue of the laws of the State of Delaware, with its principal place of business located in the State of Texas.  The limited partner, IBL Limited LLC is, and at time this action was commenced was, a limited liability company organized and existing by virtue of the laws of the State of Delaware, with its principal place of business located in the State of Delaware.

10.     Defendant Accor North America, Inc. was formerly known as Motel 6 G.P., Inc.  As stated above, Accor North America, Inc. is a Delaware corporation with a principal place of business in the State of Texas.

11.     To the best of defendants' information, knowledge and belief, at the time plaintiff's Complaint was filed, and at the time this notice is being filed, plaintiff Cathleen Gunner was and is a citizen of the Commonwealth of Pennsylvania.  *See* Exhibit "A," Complaint at ¶ 1.

12.     Plaintiff makes an open ended claim for damages in excess of $50,000.00. *See* Exhibit "A," ad damnum clause.

13.     A reasonable reading of the value of the rights plaintiff claims and the damages sought shows that plaintiff seeks damages in an amount in excess of $75,000.00, exclusive of interest and costs.

14.     Plaintiff alleges she "sustained serious and painful injuries including but not limited to: herniated disc L4-5, Sl radiculopathy, internal derangement right knee, . . . as well as a severe shock to the nerves and nervous system of said plaintiff who was otherwise bruised

lamed and disordered, some or all of which may be permanent in nature. *See* Exhibit "A," Complaint at ¶ 12.

15.     Plaintiff also claims a "serious permanent impairment," a period of disability, loss of earnings and loss of earnings capacity, unspecified past and future medical expenses, "great physical pain and mental anguish," and a shortening of her life expectancy. *See* Exhibit "A," Complaint at ¶¶ 13-16.

16.     Thus, the amount in controversy, based on the allegations set forth in the Complaint, is in excess of $75,000, exclusive of interest and costs. *See Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy not measured by low end of open-ended claim, but by reasonable reading of value of rights being litigated) (citations omitted); *Corwin Jeep Sales & Service, Inc. v. Am. Motors Sales Corp.,* 670 F. Supp. 591, 596 (M.D. Pa. 1986) (when complaint does not contain demand for specific monetary amount, court may look to petition for removal and make independent appraisal of value of claim).

17.     Diversity of citizenship exists between the plaintiff, a resident of the Commonwealth of Pennsylvania, and the defendants, one defendant being a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas and with partners that are citizens of states other than Pennsylvania, and the other defendant being a Delaware corporation with its principal place of business in Texas. The said diversity of citizenship existed at the time this action was commenced and continues to the time of the filing of this Notice.

18.     Venue is properly laid in this district pursuant to 28 U.S.C.A. § 1441(a) because it is the district embracing the state court in which the action was originally filed.

19.   Pursuant to 28 U.S.C. §1446(d), a copy of this notice of removal is being served on all parties and filed with the Prothonotary of the Philadelphia Court of Common Pleas.

**WHEREFORE**, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship between the plaintiff and defendants, and removal pursuant to 28 U.S.C. §1441(a) is appropriate.

DALLER GREENBERG & DIETRICH, LLP

By:_____
        Gerhard P. Dietrich
        Eight Tower Bridge
        161 Washington Street – Suite 900
        Conshohocken, PA  19428-2085
        (215) 836 1100
        Attorneys for Defendants,
        Motel 6 Operating L.P. and
        Accor North America, Inc.

Date:_____10|22|08_____

# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| 002987 |

JURY FEE PAID

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Cathleen Gunner | Motel 6 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2016 North Woodstock Street<br>Philadelphia, PA 19121 | 815 West DeKalb Pike<br>King of Prussia, PA 19046 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Motel 6 Operating L.P., d/b/a, a/k/a, t/a Motel 6 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 815 West DeKalb Pike<br>King of Prussia, PA 19046 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Motel 6 Operating LP c/o M.F. Poer & Co., a/k/a, |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | P.O. Box 117508<br>Carrollton, TX 75011 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [✓] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[✓] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[✓] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2S

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes  No<br>[ ]  [ ]<br>[ ]  [ ]<br>[ ]  [ ] |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Xavier P. Hayden, Esquire | 1801 Market Street, Suite 606<br>Philadelphia, PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 561-0877 | (215) 561-3557 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 56258 | |

| SIGNATURE | DATE |
|---|---|
| | 9/16/08 |

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet
*(Supplemental Parties)*

For Prothonotary Use Only (Docket Number)

002987

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Motel 6 Operating L.P. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 4001 International Parkway, Carrollton, TX 75011 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | Motel 6 G.P., Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 4001 International Parkway, Carrollton, TX 75011 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

01-102

**JURY TRIAL DEMANDED.**

**DION, SOLOMON & SHAPIRO, L.L.C.**
BY:    **XAVIER P. HAYDEN, ESQUIRE**
**Identification No.: 56258**
**Ten Penn Center**
**1801 Market Street, Suite 606**
**Philadelphia, PA 19103**                                **ATTORNEY FOR PLAINTIFF**
**Telephone: (215) 561-0877**

| | | |
|---|---|---|
| **CATHLEEN GUNNER** | : | **COURT OF COMMON PLEAS** |
| 2016 North Woodstock Street | : | **PHILADELPHIA COUNTY** |
| Philadelphia, Pennsylvania 19121 | : | |
| | : | |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **JURY FEE PAID** |
| | : | |
| **MOTEL 6** | : | |
| 815 West DeKalb Pike | : | |
| King of Prussia, Pennsylvania 19046 | : | |
| **and** | : | **TERM, 2008** |
| **MOTEL 6 OPERATING L.P., d/b/a, a/k/a, t/a** | : | NO.:    002987 |
| **MOTEL 6** | : | |
| 815 West DeKalb Pike | : | |
| King of Prussia, Pennsylvania 19046 | : | |
| **and** | : | |
| **MOTEL 6 OPERATING LP c/o M.F. POER &** | : | |
| **CO., a/k/a/, t/a, d/b/a MOTEL 6** | : | |
| P.O. Box 117508 | : | |
| Carrollton, Texas 75011 | : | |
| **and** | : | |
| **MOTEL 6 OPERATING L.P.** | : | |
| 4001 International Parkway | : | |
| Carrollton, Texas 75011 | : | **ATTEST** |
| **and** | : | |
| **MOTEL 6 G.P., INC.** | : | SEP 1 8 2008 |
| 4001 International Parkway | : | |
| Carrollton, Texas 75011 | : | |

**CIVIL ACTION (2.Personal Injury)**
**2120 PREMISES LIABILITY, SLIP AND FALL**

## "NOTICE

" You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

" YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

## "AVISO

"Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las pa'ginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta Asentar una comparencia escrita o en persona o con un abogado y entregar A la corte en forma escrita sus defensas o sus objecciones a las demandas en Contra de sus persona.  Sea avisado que si usted no se defiende, la corte tomara' Medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Adema's, la corte puede decidir a favor del demandante y requiere que usted puede Perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELE'FONO A LA OFICINA CUYA DIRECCIO'N SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107

**JURY TRIAL DEMANDED.**

**DION, SOLOMON & SHAPIRO, L.L.C.**
**BY:    XAVIER P. HAYDEN, ESQUIRE**
**Identification No.: 56258**
**Ten Penn Center**
**1801 Market Street, Suite 606**
**Philadelphia, PA 19103**
**Telephone: (215) 561-0877**

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **CATHLEEN GUNNER** | : | **COURT OF COMMON PLEAS** |
| 2016 North Woodstock Street | : | **PHILADELPHIA COUNTY** |
| Philadelphia, Pennsylvania 19121 | : | |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| **MOTEL 6** | : | |
| 815 West DeKalb Pike | : | |
| King of Prussia, Pennsylvania 19046 | : | **TERM, 2008** |
| **and** | : | NO.:  002987 |
| **MOTEL 6 OPERATING L.P., d/b/a, a/k/a, t/a** | : | |
| **MOTEL 6** | : | |
| 815 West DeKalb Pike | : | |
| King of Prussia, Pennsylvania 19046 | : | |
| **and** | : | |
| **MOTEL 6 OPERATING LP c/o M.F. POER &** | : | |
| **CO., a/k/a/, t/a, d/b/a MOTEL 6** | : | |
| P.O. Box 117508 | : | |
| Carrollton, Texas 75011 | : | |
| **and** | : | |
| **MOTEL 6 OPERATING L.P.** | : | |
| 4001 International Parkway | : | |
| Carrollton, Texas 75011 | : | |
| **and** | : | |
| **MOTEL 6 G.P., INC.** | : | |
| 4001 International Parkway | : | |
| Carrollton, Texas 75011 | : | |

**CIVIL ACTION (2.Personal Injury)**
**2120 PREMISES LIABILITY, SLIP AND FALL**
**COMPLAINT**

1.    The Plaintiff, **CATHLEEN GUNNER**, is an adult individual who at all times

material hereto, resided at 2016 North Woodstock Street, Philadelphia, Pennsylvania 19121.

2.    At all times material hereto, Defendant, **MOTEL 6**, upon information and belief,

is a business, corporation and/or entity created and existing under the laws of the Commonwealth

of Pennsylvania with a place of business located at 815 West DeKalb Pike, City of King of

Prussia, County of Montgomery, Commonwealth of Pennsylvania, did own and have under its

care, direction, supervision, and control the premises known as **MOTEL 6**.

3.    The Defendant, **MOTEL 6 OPERATING L.P., d/b/a, a/k/a, t/a MOTEL 6**,

upon information and belief, is a business, corporation and/or entity created and/or existing under

the laws of the Commonwealth of Pennsylvania with a place of business located at 815 West

DeKalb Pike, City of King of Prussia, County of Montgomery, Commonwealth of Pennsylvania,

did own and have under its care, direction, supervision, and control the premises known as

**MOTEL 6**.

4.    The Defendant, **MOTEL 6 OPERATING LP c/o M.F. POER & CO., a/k/a,**

**t/a, d/b/a MOTEL 6**, upon information and belief, is a partnership, corporation, and/or

company, created and/or existing under the laws of the Commonwealth of Pennsylvania and did

at all times relevant hereto own, operate, maintain, and control the defendant's premises, known

as **MOTEL 6**, and at all times material hereto had under its care, direction, supervision, control

and maintenance said premises.

5.    The Defendant, **MOTEL 6 OPERATING, L.P.**, upon information and belief, is

a partnership, corporation, and/or company, created and/or existing under the laws of the

Commonwealth of Pennsylvania with a principal place of business at 4001 International

Parkway, Carrollton, Texas 75011, and did at all times relevant hereto own, operate, maintain

and control the defendant's premises, known as **MOTEL 6**, and at all times material hereto had

under its care, direction, supervision, control and maintenance said premises.

6.     The Defendant, **MOTEL 6 G.P., INC.**, upon information and belief, is a

partnership, corporation, and/or company, created and/or existing under the laws of the

Commonwealth of Pennsylvania with a principal place of business at 4001 International

Parkway, Carrollton, Texas 75011, and did at all times hereto own, operate, maintain and control

the defendant's premises, known as **MOTEL 6**, and at all times material hereto had under its

care, direction, supervision, control and maintenance said premises.

7.     At all times material hereto, defendants acted or failed to act through its agents,

servants, workmen and/or employees, who were then and there acting within the course and

scope of such relationship.

<u>**COUNT I - NEGLIGENCE**</u>
<u>**PLAINTIFF v. DEFENDANTS**</u>

8.     Plaintiff hereby incorporate by reference each and every of the allegations

contained in paragraphs 1 through 7 above, as though same were more fully set forth herein at

length.

9.     On or about March 18, 2007, at or about 11:00 p.m., Plaintiff, **CATHLEEN**

**GUNNER**, and for a long period of time prior thereto, there existed a dangerous and defective

condition consisting of an area of ice, and/or snow in hills and ridges and black ice in the parking

lot are of the aforesaid premises, resulting from the negligent maintenance of the said areas,

which was carelessly and negligently allowed and permitted to exist and remain thereon.

10.     On or about March 18, 2007, at or about 11:00 p.m., Plaintiff, **CATHLEEN**

**GUNNER**, while lawfully a business invitee and while proceeding onto the aforesaid area,

was caused to fall due to the negligent maintenance of the aforementioned areas resulting in serious personal injuries more fully hereinafter described.

11.     The negligence and recklessness of the Defendants by their agents, servants, workman and/or employees consisted of the following:

(a)     permitting or allowing the aforesaid condition to exist on the above mentioned premises, supervised by the same, after they could or should have had constructive notice of said condition;

(b)     failing to give Plaintiff, **CATHLEEN GUNNER,** proper and due notice of the defective condition existing on the aforesaid premises;

(c)     failing to place warnings or barricades at the point of the accident to prevent the occurrence heretofore recited;

(d)     failing to give Plaintiff, **CATHLEEN GUNNER,** proper and adequate protection to which said plaintiff was entitled;

(e)     failing to provide adequate illumination of the said defective are to alert, Plaintiff, **CATHLEEN GUNNER,** to the inherently dangerous nature of the aforementioned slippery condition;

(f)     plaintiff reserves the right to present the legal principals of exclusive control and *re ipsa loquitur*; and,

(g)     negligence in other respects which may be well be pointed out at the time of trial.

12.     As a result of the aforesaid incident, Plaintiff, **CATHLEEN GUNNER,** sustained serious and painful injuries including but not limited to: herniated disc L4-5, S1 radiculopathy, internal derangement right knee, as well as other such injuries which may be shown at the time of trial, as well as a severe shock to the nerves and nervous system of said plaintiff who was otherwise bruised lamed and disordered, some or all of which may be permanent in nature.

13.     As a result of the above mentioned slip and fall incident, the injuries sustained by Plaintiff, **CATHLEEN GUNNER,** have resulted in permanent serious impairment.

14.     As a result of this accident, Plaintiff, **CATHLEEN GUNNER**, has been and will be obliged to receive and undergo medical attention, has sustained a period of disability as well as a loss of earnings and/or earning capacity and/or power.  She has been forced to expend various and large sums of monies for medical services, x-rays, medications, hospitalizations and/or other various expenses described as "allowable expense" and "work loss" and/or "replacement service," further, said plaintiff may be obligated to continue to expend such sums or incur such expenditures for a long and indefinite time in the future.

15.     As a result of the accident, hereinbefore referred and described, and a result of the injuries before referred, Plaintiff, **CATHLEEN GUNNER**, has suffered great physical pain and mental anguish, all of which may continue into the future.

16.     Further, as a result of the incident, hereinbefore referred to and as a result of the injuries sustained therefrom, Plaintiff, **CATHLEEN GUNNER**, has suffered a loss of the enjoyment of plaintiff's usual duties, life's pleasures and activities and a shortening of the life expectancy of said plaintiff all to said plaintiff's great detriment and loss.

17.     Plaintiff, **CATHLEEN GUNNER**, in no manner contributed to the injuries which resulted from the direct negligence of the Defendants.

**WHEREFORE**, Plaintiff, **CATHLEEN GUNNER**, demands judgment against the defendants, jointly and severally, and aver that the sum in controversy is not in excess of Fifty Thousand ($ 50,000.00) Dollars each, plus interest and costs of this action.

DION, SOLOMON & SHAPIRO, L.L.C.

BY:

XAVIER P. HAYDEN, ESQUIRE
Attorney for Plaintiff

**DATED: September 16, 2008**

DION, SOLOMON, & SHAPIRO, LLC

# VERIFICATION

XAVIER P. HAYDEN, ESQUIRE, hereby states that he is the attorney of record in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
**XAVIER P. HAYDEN, ESQUIRE**
Attorney for Plaintiff

**DATED: September 16, 2008**

## CERTIFICATE OF SERVICE

I, Gerhard P. Dietrich, hereby certify that a true and correct copy of the Notice of

Removal was served via United States first class mail on the date indicated addressed to the

following:

*Attorney for Plaintiff*

Xavier P. Hayden, Esquire
Dion, Solomon & Shapiro, L.L.C.
Ten Penn Center
1801 Market Street, Suite 606
Philadelphia, PA  19103

_____
Gerhard P. Dietrich

Date:  October 22, 2008